UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE RUDD-EL (#201309569)

VERSUS                                                CIVIL ACTION

THE STATE OF LOUISIANA, ET AL                         NUMBER 13-766-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 16, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE RUDD-EL (#201309569)

VERSUS                                                    CIVIL ACTION

THE STATE OF LOUISIANA, ET AL                NUMBER 13-766-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Writ of Habeas Corpus filed by Willie Rudd-El, which will be treated as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (hereafter, "Petition").

For the reasons which follow, the Petition should be dismissed.

### I. Background

Petitioner alleged that on October 21, 2013 he was found guilty of misdemeanor charges of resisting an officer, no seat belt and DWI. On other charges he was either found not guilty or the charges were dismissed. Petitioner alleged that after the trial he was "re-booked" on a charge of "distribution."[1] Petitioner alleged

---

[1] Petitioner did not specifically allege what he was charged with distributing, but from other information in the Petition the court concludes it was a controlled substance. See record document number 1, p. 10.
  It is not clear from the Petition whether October 21 was the date of the trial in Denham Springs City Court, the date the petitioner was re-booked, or both. This uncertainty about the date
(continued...)

that he is still being held on that charge, with bail set at $501,000.

## Applicable Law and Analysis

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that—
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B) there is an absence of available State corrective process; or
>   (C) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Petitioner did not allege that he appealed any of the convictions. And he has not been convicted of the pending "distribution" charge. Because the petitioner has not exhausted his state court remedies as to the charges for which he was convicted, as required under § 2254(b)(1)(A), and he has not been convicted of the pending charge of "distribution," he is not even eligible for federal habeas corpus relief.

Insofar as the petitioner included in his Petition allegations that could be construed as claims related to his conditions of confinement at the Livingston Parish Detention Center or a facility operated by the Tangipahoa Parish Sheriff,[2] such claims should be dismissed without prejudice to the petitioner bringing them in

---

[1](...continued)
has no effect on the recommendation made in this report.

[2] Record document number 1, pp. 11-12.

separate civil actions in the appropriate state or federal district court after he has properly exhausted available administrative remedies.[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Writ of Habeas Corpus filed by Willie Rudd-El be treated as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody and be dismissed, without prejudice.

It is further recommended that insofar as the petitioner included in his petition allegations that could be construed as claims related to his conditions of confinement at the Livingston Parish Detention Center or a facility operated by the Tangipahoa Parish Sheriff, such claims should be dismissed without prejudice.

Baton Rouge, Louisiana, January 16, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] A dismissal without prejudice would not amount to a with prejudice dismissal since the events alleged occurred over the past few months, giving the petitioner ample time to file suit in the appropriate state or federal court before the claims are prescribed.